HENGSTENBERG v THE UNKNOWN HEIRS AND DEVISEES OF HENGSTENBERG, et, etc

Ohio Appeals, 1st Dist, Hamilton Co

No 4222.   Decided March 27, 1933

Grover C. Brown, Columbus, for plaintiff in error.

Clarence A. Schnieders, Cincinnati, for defendants in error.

**OPINION**

By HAMILTON, PJ.

The only question is as to the right of the plaintiff in error to have the title registered, and this is determined by the title he acquired as the surviving husband of Della May Angle Hengstenberg.

It is not disputed and it is the law that if Della May Hengstenberg was not married to Henry Geers at the time of his death, she would take the property, as a devise to a stranger, under §8574 GC as it existed at the time of his death in 1915.

Does the fact that Della May Angle may have been the surviving widow of Henry Geers alter the situation or change the character of the property and the devolution thereof under the law of descent and distribution?

There is evidence tending to show that Della May Angle was married and was the surviving widow of Henry Geers. There is strong evidence to the contrary.

The trial court may have been justified in finding Della May Angle was the surviving widow of Henry Geers and took the property by devise of Henry Geers to the surviving wife. We do not feel justified in reversing the case on this question alone.

If the decision turned on the question of whether or not Della May Angle was the surviving wife of Henry Geers and took by devise from him the property which came to him by devise from his ancestor, we would not disturb the judgment.

We, therefore, consider the law on the theory that she was the surviving wife and took the property by devise from her deceased husband, who had acquired the property by devise from an ancestor.

It would appear that the trial court rendered the judgment that it did on the theory that the property was ancestral property in Della May Angle Hengstenberg, and upon her death the title passed under §8573, GC, under which Hengstenberg would take only a life estate and the fee would go to the blood of the ancestor from whom the estate came, that is, the next of kin of Henry Geers, who devised the premises to Della May Angle.

The question then is: Did the property become non-ancestral from the fact that it was devised to Della May Angle, the wife, by Henry Geers, who was not of the blood of the ancestor of Henry Geers, from whom the estate came?

It has been decided and is settled law in Ohio that the husband is not the ancestor of the wife. This in effect was so decided in the cases of **Brower et v Hunt et, 18 Oh St, 312; Birney et v Wilson et, 11 Oh St, 426; Gazlay et v Gosling et, 24 C.C. (n. s.) 449.** The syllabus in the Gosling case is:

"1. Within the meaning of the statutes of descent, §§8573 to 8577, GC, inclusive, a deceased husband can not be the ancestor of his relict.

"2. Property which came to a deceased husband of a relict as ancestral property by descent, devise or deed of gift, and is devised by him to his widow, ceases to be ancestral property in her hands, and if she should die intestate such property would not pass under the provisions of §8573, GC, to the blood of the original ancestor from whom the estate came.

"3. When such relict of a deceased husband dies testate seized of property which

was ancestral from said deceased husband, but came to her by devise from said husband, those who are of the blood of the husband and of the ancestor from whom the estate came and the next of kin of the deceased husband have no such interest in the property, as entitled them to maintain an action to contest her said will."

In Walker on American Law, 9th Ed., p. 397, ancestral and non-ancestral property is defined as follows:

"By ancestral property, then, is meant that realty which came to the intestate from his ancestor **in consideration of blood,** and without a pecuniary equivalent, and which must have come either by descent or devise from a now dead ancestor or by deed of actual gift from a living one; and by non-ancestral property is meant all personalty and that realty which came to the intestate in any other way, whether by purchase from his ancestor or from a stranger or an equivalent paid or by actual gift from a stranger so that the consideration of blood is out of the question, for this makes the sole distinction."

In the case of Brower et v Hunt et, supra, in the fourth paragraph of the syllabus it is stated:

"The title to real estate which must have come to an intestate by devise, or deed of gift from an ancestor, to constitute ancestral property, is the title under which the intestate **immediately** held."

Applying these rules to the facts of the case under consideration the intestate Della May Angle, since her deceased husband, if such, could not be her ancestor, did not hold title immediately from an ancestor. This being true, and she dying intestate, the property would not pass under §8573, GC, as a devise to her from an ancestor. In the case of Brower et v Hunt et, supra, in construing the statute of descent and distribution, the court held that the first section, now §8573, GC, provides for the course of descent of ancestral property, and the second section, now §8574, GC, was intended to provide for all cases not included in the first. While §8574 GC uses the language: "If the estate came not by descent, devise, or deed of gift", not using the term "ancestor," the court in the Brower case held the meaning was that if the estate came not by descent, devise, or deed of gift, as provided in the first section. In other words, there are two classes provided for, §8573, GC provides for the course of

descent of ancestral property and §8574 GC provides for all cases not included in the first.

Finding as we do that the property in Della May Angle, whether surviving wife or stranger to the testator, Henry Geers, was not ancestral, it follows that the title must pass from her as non-ancestral property, and she dying, leaving no children or their legal representatives, the property in question would pass under **paragraph 2 of** §8574, GC, which is:

"If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

In this case, plaintiff in error Hengstenberg was the husband, relict of the intestate Della May Angle Hengstenberg.

This conclusion requires a reversal of the judgment, and since the question is solely one of law, and finding as we do that the plaintiff Hengstenberg took the title in fee, and this being the sole question, plaintiff in error is entitled to have the real estate registered. The case will be remanded to the trial court with instructions to reinstate the petition and register the title in accordance with the application and prayer thereof.

CUSHING and ROSS, JJ, concur.